UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT FO ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Metropolitan Life Insurance Company, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 4995 |
| | ) | |
| Maxine Jones and Osker Kevin Jones, | ) | |
| Defendant. | ) | |

FILED-ED4

2 SEP 19 AM 11:15

U.S. DISTRICT COURT

DOCKETED
SEP 20 2002

### NOTICE OF FILING

To: Peter N. Weil           and    Steven P. Mandell
    185 Old Half Day Road, #105    Mandell Menkes & Surdyk, LLC
    Lincolnshire, IL 60069         333 W. Wacker, #300
                                   Chicago, IL 60606

Please take notice that on September 19, 2002, I filed the attached Answer and counterclaim to plaintiffs Complaint of Interpleader on behalf of Defendant Maxine Jones with the Clerk of the U. S. District Court.

### PROOF OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by law that the above Notice and any attached pleadings were placed in the U.S. Mail at or near 1525 E. 53rd Street, Chicago, Illinois 60615, with first class postage prepaid and directed to the parties at the address set forth above before 5:00 p.m. on September 19, 2002.

Sharon D. Oden, Esq.
1525 E. 53rd Street, Suite 819
Chicago, Illinois 60615
773-643-9969/9970 Fax
Atty. No. 34449

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT FO ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Metropolitan Life Insurance Company, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 4995 |
| ) | |
| Maxine Jones and Osker Kevin Jones, ) | |
| Defendant. ) | |

FILED-ED.

02 15 HY 61 d3.

U.S. DISTRICT CO

DOCKETED

SEP 2 0 2002

### Answer and Crossclaim

Now comes Defendant Maxine Jones, by and through its attorney Sharon D. Oden, to bring this Answer to Plaintiff Metropolitan Life Insurance Company's Complaint for interpleader and this Crossclaim against Defendant Osker Kevin Jones. In Support thereof Defendant Maxine Jones states the following:

### Answer

1. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 1 of the complaint.

2. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 2 of the complaint.

3. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 3 of the complaint.

4. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 4 of the complaint.

5. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 5 of the complaint.

6. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 6 of the complaint.

7. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 7 of the complaint.

8. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 8 of the complaint.



9. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 9 of the complaint.

10. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 10 of the complaint.

11. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 11 of the complaint.

12. On information and belief, Defendant Maxine Jones admits the truth of the allegation contained in paragraph 12 of the complaint.

13. Defendant Maxine Jones is without sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 13 of Plaintiffs complaint.

14. Defendant Maxine Jones admits the truth of the allegation contained in paragraph 14 of the complaint.

15. Defendant Maxine Jones is without sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 15 of Plaintiffs complaint.

16. Defendant Maxine Jones is without sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 16 of Plaintiffs complaint.

17. On information and belief Defendant Maxine Jones admits the truth of the allegation contained in paragraph 17 of the complaint.

18. Defendant Maxine Jones is without sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 18 of Plaintiffs complaint.

19. Defendant Maxine Jones is without sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 19 of Plaintiffs complaint.

20. Defendant Maxine Jones is without sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 20 of Plaintiffs complaint.

21. Defendant Maxine Jones is without sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 21 of Plaintiffs complaint.

22. Defendant Maxine Jones is without sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 22 of Plaintiffs complaint.

## Crossclaim

1. That Osker Jones, the deceased, signed and submitted a designation of beneficiary form dated September 5, 2000 to Plaintiff Metropolitan Life Insurance.

2. That said form designated Defendant Maxine Jones as the primary beneficiary.

3. That said form and signature of Osker Jones was witnessed by David Allison and Kathy Allison.

4. That on information and belief Defendant Osker Kevin Jones was incarcerated at the time that said form was signed, and that he does not have personal information of any of the allegations in his letters to Plaintiffs. (See Plaintiffs Exhibits E, F, and G).

5. That the deceased Osker Jones intent was to remove his former wife as beneficiary and name his current wife, Maxine as beneficiary.

6. That Defendant Osker Kevin Jones intentionally deceived and mislead Plaintiffs when he alleged that the signature on said form was forged.

7. That Defendant Osker Kevin Jones allegations of forgery are frivolous and without merit.

Now Therefore Defendant Maxine Jones prays that this court:

1. Find that the designation of beneficiary form dated September 5, 2000 is valid;

2. Direct Plaintiff Metropolitan Life Insurance Company to disburse the insurance proceeds in accordance with the designation of beneficiary form dated September 5, 2000 to Defendant Maxine Jones;

3. Direct Defendant Osker Kevin Jones to pay the attorney fees and costs of Defendant Maxine Jones and Metropolitan Life Insurance Company;

4. Grant Defendant Maxine Jones any additional relief this court deems equitable and just.

Respectfully Submitted

_____
Maxine Jones

*Sharon D. Oden*
Sharon D. Oden, Esq. #34449
1525 E. 53rd St., Suite 819
Chicago, Illinois 60615
Off. 773-643-9969
Fax: 773-643-9970

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this Complaint are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Maxine Jones


_____
Date


## ATTORNEY'S STATEMENT

I, Sharon D. Oden, state that I represent <u>Maxine Jones</u>, the party who has executed the foregoing pleading. My business address is 1525 E. 53rd St., Suite 819, Chicago, Illinois 60615. I certify that I have read the foregoing pleading and that to the best of my knowledge and information, the pleading is well-grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law and that said pleading is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay on needless increase in the cost of litigation.

*Sharon D. Oden*
Sharon D. Oden, Atty. #34449